## John A. Savary *vs.* Fourth School District in Georgetown.

An inhabitant of a school district, who removes therefrom before the district votes to raise money for the purpose of erecting or repairing a school house, is not liable to be taxed for that purpose, although he was a member of the district on the 1st day of May next before the vote was passed.

Assumpsit to recover the amount of a tax paid by the plaintiff. At the trial, in the court of common pleas, before *Merrick*, J. the question was, whether the plaintiff was liable to be taxed as a member of the school district against which the action was brought. It appeared that the tax in question was assessed in due form, and that a warrant for its collection was committed to the town treasurer and collector, who, upon non-payment by the plaintiff, issued a warrant of distress against him, and delivered it to a deputy sheriff for service, to whom the plaintiff paid the tax upon the warrant, under protest, and the deputy sheriff immediately paid the same to the town treasurer.

It further appeared, that the meeting of the school district, at which it was voted to raise the money which the plaintiff was assessed, was called on the 15th of November 1842 ; that the plaintiff occupied a house, and resided in it, within the limits of said district, on the 1st of May 1842, and continued to reside therein until the 1st of August following, when he removed from said district into another house in another school district in the same town, where he has since lived and had his home.

The defendants contended that the plaintiff was liable to be taxed for his proportion of the money voted by the district to be raised, at their meeting held on the 15th of November 1842. But the judge ruled that, upon the foregoing facts, the plaintiff could not be considered an inhabitant of said district, and was not liable to be taxed for any part of the money which the district voted to raise as aforesaid. A verdict was returned for the plaintiff, and the defendants alleged exceptions to said ruling.

*Perkins*, for the defendants. The Rev. Sts. *c.* 7, § 16, and *c.* 23, § 37, provide that school district taxes shall be assessed " in the same manner as town taxes are assessed ; " and by *c.* 7, §§ 6, 7, 9, town taxes are to be assessed upon persons where they are inhabitants on the 1st of May. The provision in *c.* 23, § 33, that every inhabitant of a school district " shall be taxed in the district in which he lives," means, therefore, the district in which he lives on the 1st of May. Such would have been the construction of Rev. Sts. *c.* 20, § 18, as to parish taxes, if there had not been a provision, § 4 of the same chapter, by which persons filing a written notice of their having ceased to be members of a parish, thenceforth cease to be liable for parish charges afterwards incurred. *Dow* v. *First Parish in Sudbury*, 5 Met. 73. No such provision exists for exempting inhabitants of school districts, upon their removal into another district.

Sect. 32 of *c.* 23 seems to be conclusive of the present question. By that section, a town may provide school houses " at the common expense of the town," and raise money therefor " at any legal meeting." If this were done, a man who had removed from the town after the 1st of May, and before the meeting, would be liable, by Rev. Sts. *c.* 7, to be assessed his proportion of the money thus to be raised.

*O. P. Lord*, for the plaintiff. For town purposes, persons and property are to be taxed where the person is an inhabitant on the 1st of May. This is an arbitrary rule, and is not to be extended beyond the cases expressly provided for. As to school taxes, a person is to be taxed " in the district in which he lives." This brings the present case within the reason of the case cited from 5 Met. 73, and the case of *Taft* v. *Wood*, 14 Pick. 362.

DEWEY, J. The question here raised is not free from difficulty. The Rev. Sts. *c.* 7, §§ 6, 7, 9, seem to provide, by express enactment, as the general rule for the assessment of taxes, that it shall be, in reference to polls and personal estate, in the town where the party shall be an inhabitant, on the 1st day of May in each year ; and in reference to real estate,

to the person who is owner or in possession thereof on the 1st day of May; thus making that precise period of time the test, in reference to which all questions as to residence, or ownership of property which is the subject of taxation, are to· be brought. Such is undoubtedly the rule applicable to all assessments of town, county, and state taxes.

The further inquiry is, whether this provision as to the assessing of taxes extends also to taxes assessed upon the inhabitants of school districts, in pursuance of a vote of a district raising money. It is contended for the defendants, that the Rev. Sts. *c.* 7, § 16, and *c.* 23, § 37, require that all taxes upon members of school districts shall be assessed *in like manner* as town taxes are assessed, and according to the rules prescribed in the seventh chapter. These general provisions certainly exist; but whether they embrace every provision, in their application to school district taxes, is the point we are now called upon to decide. Are such taxes to be assessed upon all persons, inhabitants of such school districts on the 1st day of May preceding the assessment of the tax, irrespective of the time when the money was voted by the district, and of the change of residence or removal from the district after the 1st of May, but before the holding of the meeting of the school district, and the voting to raise such sum of money? Town taxes are annual taxes, regularly assessed each year; and in reference to them a fixed period, as that of May 1st, will probably do nearly equal justice to all concerned, and especially will secure every individual from double taxation, by two different towns, in the same year. But school district taxes are, comparatively, infrequently assessed. They are not annual taxes, and are levied only for the purpose of erecting or repairing school houses, and furnishing necessary articles for the use of schools. They are usually levied only at long intervals, and therefore not to be equalized or more equitably proportioned by a reference to the 1st of May previous, as the period of inhabitancy in the district. Unless the statute is imperative on the subject, there seems to be no good reason for subjecting a party to the payment of a tax

who has in good faith removed from the district before the district has voted to raise the money.

In construing the Rev. Sts. *c.* 7, §§ 6, 7, 9, we are also to give effect to *c.* 23, § 33, which requires that " in raising and assessing money in the several school districts, every inhabitant of the district shall be taxed in the district in which he lives." It seems to us that the most reasonable construction of the various provisions of *c.* 7, on this subject, would be to hold that the provisions of law regulating the assessment of a school district tax are not, in all respects, entirely similar to those for assessing town taxes, and that the provisions of §§ 6, 7, 9, before referred to in reference to inhabitancy on the 1st of May, do not necessarily include assessments of school district taxes. These taxes are to be assessed upon the same general principles as town taxes ; and the valuation of the polls and estates on the 1st day of May will be the valuation in reference to which the tax is to be assessed ; subject, however, to the further provision, that no person is to be assessed who was not an inhabitant of the district when the money was voted by the district. In this way, we give proper effect to *c.* 23, § 33. The rule will be equitable and reasonable in exonerating those persons who may have been inhabitants on the 1st day of May previous, but who may have removed from the district before the money was granted. The construction given by this court to *St.* 1826, *c.* 143, in the case of *Taft* v. *Wood*, 14 Pick. 362, has some bearing upon the present question. That statute also required assessments upon members of a school district to be made in *the same manner* as town taxes are assessed — upon polls and estates. The poll tax had been assessed there in a sum higher than was authorized by law in the assessment of town taxes ; and it was contended that it was therefore invalid, and in violation of the general law regulating the assessment of town taxes. But the court held that the tax was valid, upon the ground that the provision in reference to a limitation in the amount of the poll tax was not applicable to school district taxes ; and principally for the reason that such taxes were

only assessed at long intervals and for very limited objects, which would seldom require grants of money, while town taxes were annually assessed, and might reasonably require provisions not applicable to school district taxes.

The court are of opinion that this tax was illegally assessed upon the plaintiff, and that he is entitled to recover back the amount of the tax thus assessed, and paid under a warrant of distress against him in the hands of an officer.

*Exceptions overruled.*